### Thomas J. Welch *vs.* John Wilcox.

The owner of land over which a right of way " as now laid out " has been granted, has no right, in the absence of evidence of a contrary usage, to erect a gate at the entrance of the way, or to narrow the passage by gate posts.

Tort for cutting down and removing a gate from the end of a passageway on the plaintiff's land in Charlestown. The case was submitted to the judgment of the superior court, and on appeal, of this court, upon an agreed statement of facts substantially as follows:

The plaintiff owned the estate described in his declaration; the defendant owned the estate next adjoining on the northeast and there was a passageway extending across the plaintiff's land to Lexington Street from the defendant's estate.

Samuel P. Langmaid, in 1858, then owning both estates, conveyed the estate of the defendant to him, together with " a right to use in common, forever, the passageway leading from Lexington Street, as now laid out, over the lot [now the plaintiff's] next southwest of the premises hereby conveyed, said Wilcox paying one half of the expense of keeping said passageway in repair," and later in the same year, conveyed to the plaintiff's grantors the estate now owned by him, " reserving to the owner and his assigns of the house next adjoining on the northeast, a right to use in common a three foot passageway, as laid out on the premises hereby conveyed."

At the time of these conveyances there was no gate upon the passageway, and it was open to Lexington Street.

The plaintiff, in 1866, against the objection of the defendant, erected a gate at the end of the passageway on the street. This gate had a common thumb-latch, and was without any other fastening, but at different times the defendant had been prevented from using the passageway by reason of the gate having been fastened by a stick or piece of board placed against it on the inside, by some person unknown to the plaintiff and defendant. The gate hung, and opened inside, in the passageway; and when opened, the gate, together with the up-

right on the opposite side for it to shut against, narrowed the passageway three inches. The gate was a suitable one, if the plaintiff had a right to erect it and to narrow the passageway. After a time, one of the hinges became detached from its fastening, but the gate could still be opened and shut. The defendant forcibly pried off the other hinge, removed the gate from the passageway, and placed it on the plaintiff's adjoining land, which was the alleged tort.

It was agreed that the defendant could show, if competent, that long before, at, and since 1858, in Charlestown, passageways of like character to this were without gates on the lines of the streets with which they connected.

The question submitted was, whether the plaintiff had a right to maintain the gate. If he had such right, judgment to be for him for nominal damages, otherwise for the defendant.

*A. Jackson*, for the plaintiff, cited *Atkins* v. *Bordman*, 2 Met. 457; *Underwood* v. *Carney*, 1 Cush. 285, 292; *Osborn* v. *Wise*, 7 C. & P. 761; *Harding* v. *Wilson*, 2 B. & C. 96; *Walker* v. *Worcester*, 6 Gray, 548; *Maxwell* v. *McAtee*, 9 B. Monr. 20.

*C. Robinson, Jr.*, for the defendant.

Colt, J. Under the deed of Langmaid a right was granted the defendant to the use of a passageway, as then laid out over the grantor's land. The plaintiff claims under Langmaid by a subsequent deed which conveys the land, reserving to the owners of the defendant's lot a right to a three feet passageway as laid out on the premises conveyed. It does not appear in what manner the way was laid out, but we must infer that it was by some well marked boundaries known and recognized by both parties. There was no gate separating the passageway from the street at the time of these conveyances, and in the opinion of the court the plaintiff has no right to erect and maintain a gate at the entrance of said passageway, or to narrow the way as described.

If the obstruction in the way had existed at the time of the deed to the defendant, or even if it had been shown that similar passageways were usually so closed, the plaintiff's claim would stand on stronger ground, for it may well be presumed that the

parties to the grant were acquainted with the public usages, and created this easement with reference to those usages. The plaintiff, as owner of the soil, has a right to all the reasonable and beneficial use of the way which he can make, consistently with the enjoyment of the easement, and the use which others similarly situated make of their land is evidence of a reasonable use. This decision is not embarrassed by these suggestions, because there was no evidence of usage offered by the plaintiff.

This case is clearly distinguished from *Atkins* v. *Bordman,* 2 Met. 457, 467. The doctrine of that case is, " that when no actually existing way, as bounded and located, is granted or reserved, the way in point of width and height shall be such as is reasonably necessary and convenient for the purposes for which it is granted." The dimensions of the way were there held not to be expressed, and to be controlled by the purpose for which it was reserved.

When the way is defined as in the case at bar, the construction we give is, in the words of Shaw, C. J., " necessary to the security of both parties. To the grantee, to insure him a way of known width and dimension, the sufficiency of which he may judge of before he closes his contract for the purchase; and to the grantor, to secure himself against the claim of the grantee to an indefinite right to pass over his premises." *Salisbury* v. *Andrews,* 19 Pick. 250, 258. *O'Linda* v. *Lothrop,* 21 Pick. 292. *Underwood* v. *Carney,* 1 Cush. 285, 292.

By the agreement of the parties the entry must be

*Judgment for the defendant.*