JOSHUA WASHBURN *vs.* EDWARD F. MILLER.

Middlesex. Jan. 18, 19. — March 1, 1875. AMES & ENDICOTT, JJ., absent.

A bill in equity, brought to restrain repeated trespasses upon a private way, which fails to show irreparable injury liable to be caused thereby or that the plaintiff has brought any suit at law to establish his right, but alleges only that the defendant is prosecuting a suit at law against the plaintiff which will not settle all the points in controversy between the parties, discloses no ground for relief, and cannot be sustained.

A bill in equity alleged a verbal agreement, at the time of a conveyance of land by the plaintiff, by which all buildings put upon the land by the grantee or his assigns were to be built below the lower line of the plaintiff's house across a way, and that the grantee conveyed the land to the defendant, who erected buildings above that line. *Held*, that the bill could not be maintained.

BILL IN EQUITY, filed April 24, 1873, alleging the following facts :

In 1822, the plaintiff became the owner in fee of a lot of land in Auburndale; and in 1847, laid out a private way over a por-

tion of it and built a fence on the line of the way. In 1858, the plaintiff sold a portion of the land bounding it on the way, and conveyed to Ai Blood a right to use the way by a deed which is set forth in the preceding case, *ante*, 371. It was the understanding and agreement between the plaintiff and Blood that the way was only to be used for reaching the northerly portion of the land conveyed to him, and that all buildings put upon the said land by Blood and his assigns should be built northerly of the plaintiff's house on the other side of the way.

The bill then set forth the conveyance by Blood to Miller of the southerly portion of the lot, that Miller had built a house and barn southerly of the line in violation of the agreement between the plaintiff and Blood, had taken down the fence along the private way and had filled up a gutter which the plaintiff had built on the westerly side of said way for the purpose of keeping the water from the highway from flowing on to his land; that Miller had committed various trespasses on the private way; and had brought an action at law for an alleged trespass by the plaintiff, which action was still pending.

The bill prayed that the defendant might be enjoined from prosecuting the action at law, and might be restrained from trespassing on the private way, and that the buildings on the defendant's line might be removed northerly of the line of the plaintiff's house.

To this bill the defendant demurred; and the case was reserved by *Devens*, J., on the bill and demurrer, for the consideration of the full court.

*I. D. Van Duzee*, for the plaintiff.

*T. E. Graves*, for the defendant.

DEVENS, J. The plaintiff seeks to maintain the bill upon the ground of repeated trespasses by the defendant upon his private way by passing and repassing thereon, and by doing thereon various other acts for the purpose of rendering the same more convenient for his own use.

It is not doubted that an injunction could properly be issued to restrain one from the commission of an alleged trespass where the damage liable to be occasioned thereby would be irreparable; but in such case it would be for the purpose only of enabling the party, whose rights were alleged to be invaded, to test them in a

court of law.   So where acts of the nature alleged in the bill had been held, in previous suits brought by the plaintiff, to be trespasses, and his title thus fully shown, and it further appeared that damages would not be an adequate compensation for them, it might be proper that a party continuing to commit them should be permanently restrained by injunction.   No such case is here presented; it is not averred that irreparable damage is liable to be done, nor are any facts stated which indicate that damages would not adequately compensate the plaintiff.   No suit at law has apparently been brought by the plaintiff to establish his right to the way in question as against the defendant; but it does appear that the defendant has brought a suit against the plaintiff for interfering with him in the use of it by certain alterations made by him, and against the prosecution of this suit the plaintiff prays for an injunction.   By the bill, therefore, he simply endeavors to remove into this court the determination of the rights of the parties in the use of the way.   This should not be done; it is a matter appropriate to the jurisdiction of a court of common law, and if the rights of the plaintiff have been invaded, its powers are ample to afford him an adequate remedy.

Nor can the bill be maintained because it will prevent a multiplicity of suits.   All the trespasses as set forth may be made the subject of a single action in which the plaintiff may recover such damages as he shall show he has sustained.   There are no embarrassments arising from complicated .or conflicting rights of different parties which would justify this court sitting as a court of equity in taking jurisdiction of the controversy.

The other ground upon which the plaintiff relies is equally untenable.   He alleges that he conveyed to Blood a tract of land the southerly half of which is now owned by Miller by subsequent conveyance from Blood, and that at the time of the conveyance to Blood it was understood and agreed, although not expressed in the deed, that all buildings put upon the land by Blood and his assigns should be built below the lower line of the plaintiff's house, and further avers that the defendant, since the conveyance to him, has proceeded to erect a house and barn upon the land so conveyed, which are above the line referred to.

It is unnecessary to consider what would be the effect of the understanding or agreement as alleged to have been made with

Blood. It was apparently verbal, and no consideration for it is suggested, unless we are to infer one from the fact that a conveyance of land was made to him by the plaintiff. But even if it were an agreement binding upon Blood, it cannot affect those who purchase the land without knowledge of its existence. There is no averment that the defendant had any such knowledge; and as it was not expressed in the deed, he has a right to enjoy the title which, by that deed, Blood was empowered to convey to him unaffected by it.                    *Demurrer sustained.*