BENNETT H. NASH & another *vs.* NEW ENGLAND MUTUAL
LIFE INSURANCE COMPANY.

Suffolk.   Nov. 19, 1878. — June 27, 1879.   MORTON & SOULE, JJ., absent.

The owners of three separate estates abutting on a passageway leading from a
public street in a city, and owned by them in common, in 1769 executed an
indenture by which it was agreed that the passageway measured nine feet on
the street and six feet four inches at the upper end, and that it should always
lie open and unincumbered for the use of their respective estates according to
these measurements. In 1826, the then owners, by deed, narrowed the way at
one end and widened it at the other, but made no change in its use, and re-
ferred to the indenture of 1769 for a more particular description. *Held*, that
each owner had a right to have the passageway kept clear and unincumbered
throughout its entire length and breadth, and not merely a reasonable right of
way over it.

If A. and B. own separate estates abutting on a passageway owned by them in
common, which each has the right to have kept open and unincumbered through-
out its entire length and width, and B. places therein obstructions of a perma-
nent and continuous character, to the injury of A.'s estate, A. may maintain
a bill in equity against him, after notice to remove them, although A. has pre-
viously brought an action at law against B. which is still pending.

The question of laches is not open before the full court on a report of a single
justice of a cause in equity, when the question does not appear by the report
to have been raised before him, and the report does not appear to have been
framed to present it.

BILL IN EQUITY, filed December 3, 1877, alleging that the
plaintiffs were owners of a parcel of land fronting on Merchants'
Row in Boston; that there was a passageway about seventy-two
feet long and about eight feet and one inch wide throughout
its entire length leading from State Street to this parcel of land
and bounded northerly by it, and westerly by land formerly of
Andrew J. Allen and now owned by the defendant; that the
plaintiffs owned in fee one undivided third of the soil of this
passageway, and had the right to have the whole of it lie open
and unincumbered for their use as a carriage-way and foot-way
to their land; that the defendant had obstructed this passageway
by making excavations therein, and placing stone steps opening
and leading to its land, and had erected barriers near these open-
ings, so that the plaintiffs could not pass along the passageway,
as they had a right to do; that the defendant refused to remove
these obstructions, and prevented the plaintiffs from so doing;
that the plaintiffs were contemplating alterations in the building

on their land for purposes which would require the use of the entire width of the passageway for passing and repassing; that they could not improve, use or lease their land so profitably and advantageously as they otherwise might, and that they would suffer an irreparable damage if the defendant was permitted to continue the obstructions.

The prayer of the bill was for an injunction to restrain the defendant from maintaining the excavations and obstructions, and to require it to restore the passageway so that the plaintiffs could pass without obstruction over the entire length and width thereof; and for further relief.

The answer admitted that the plaintiffs had a reasonable right of way over the passageway, but denied that such right of way was obstructed, and also denied that the plaintiffs had a right to have the way open and unobstructed throughout its entire area; averred that the stone steps and barriers set forth in the bill had been there for many years, and that the defendant had a right so to maintain them; and alleged that the plaintiffs had a plain, adequate and complete remedy at law.

The case was heard before *Ames*, J., who reported it for the determination of the full court, in substance as follows:

In 1769, John Jeffries and Ann Jeffries his wife, who then owned the plaintiffs' estate, Thomas H. Peck, who then owned the land on the east side of the passageway, and William Maxwell, who then owned the defendant's estate, executed an indenture, reciting that they were seised in fee of a passageway leading from King Street [now State Street] to the land of Jeffries and his wife, "which passageway measures nine feet in the front on King Street, and continues the same width as high up as the northeast corner of said Maxwell's dwelling-house, and measures at the upper end six feet four inches;" and also reciting that the parties had agreed "that the said passageway, measuring as aforesaid, shall always lie open and unincumbered for passing and repassing and transporting goods of all kinds to and from their respective houses;" and each party covenanted that he "will not incumber or stop up the same, but that the same shall lie open" for the use of their respective estates, and quitclaimed to the others a right of way in said passageway "according to the meas-urement aforesaid."

In 1826, Pliny Cutler, in pursuance of an order of this court, conveyed to Andrew J. Allen the right, title and interest of the minor children of Beza Tucker in a narrow strip of the westerly side of the passageway, thirty-six feet long, eight inches wide at the north end, and seven and a half inches wide at the south end thereof, bounding it easterly on the passageway, and containing the following clause : " The line adjoining said passageway and the easterly side of said strip is to run in such a direction as to leave the passageway aforesaid at least eight feet wide in every part."

On the same day, Andrew J. Allen, by deed reciting the existence of a passageway "seventy-two feet in length and of an equal width" leading from State Street to an estate fronting on Merchants' Row, belonging to the minor children of Beza Tucker deceased, " which said passageway has been kept open for a long time for the benefit of the owners and occupants of the stores situate on the estate aforesaid, and of those adjoining said passageway on each side thereof, and by them used in common," and referring for a more particular description to the indenture of 1769; and reciting that it was thought by those having an interest in the passageway that it should be made more equal in width, and also reciting the conveyance to Allen, above set forth, of the strip at the southerly end of the passageway on the westerly side, conveyed to said minor children a strip of land at the northerly end of the passageway thirty-six feet long, twenty inches wide at the northerly end, and ten inches wide at the southerly end, "running in such direction on the line adjoining the land of the said Allen as to leave a passageway in no place less than eight feet wide, which said strip is to be kept open and unincumbered and held in the same proportions and used for the same purposes by the owners of the estates adjoining the same as the other parts of said passageway heretofore have been."

In June 1867, the heirs of Allen conveyed to the defendant the lot on the westerly side of the passageway, bounding it easterly by the passageway, and all their rights in the passageway " which is bounded south by State Street eight feet one inch, west by the estate hereinabove described, north by estate of the heirs of Beza Tucker, and east by land now or late of John Tucker; subject, however, always to the legal rights of other

parties in said way;" and referring to all of the deeds above set forth.

Early in November 1867, the defendant obstructed the passageway in two places, by excavations from three to four feet wide, and five to six feet deep, and by descending stone steps leading to rooms on the defendant's estate, with barriers on two sides, of the openings, forming obstructions of a permanent and continuous character.

On November 8, 1867, Josiah P. Cooke and another, trustees, who then owned the plaintiffs' estate, gave a written notice to the defendant that they were entitled to all the rights in the passageway secured to John and Ann Jeffries by the indenture of 1769, except as modified by the deed from Cutler to Allen, and forbidding the defendant to incumber or dig up the passageway, and requiring it to remove all obstructions.

In May 1877, Cooke and another, trustees, conveyed their estate to the plaintiffs, and the plaintiffs afterwards, and before bringing this bill, requested the defendant to remove the obstructions in the passageway.

It was agreed, for the purposes of the case only, that the plaintiffs had the rights of John and Ann Jeffries as modified by the deed of Cutler, and that the defendant had the rights of Maxwell as modified by the deed of Allen.

In addition to the facts above stated, the plaintiffs offered evidence to show that the obstructions in the passageway injured their estate, and interfered with the use of the passageway for certain classes of goods, and thus prevented the letting of the building on the estate for certain purposes.

The defendant contended that, under the deeds above set forth, the plaintiffs were not necessarily entitled to have the whole passageway kept open throughout its entire length and breadth, but only to a reasonable and convenient way within the limits of the passageway; and that they had never been interfered with in the exercise of such a convenient right of way; and that the plaintiffs, under the circumstances of the case, could not maintain a bill for an injunction without having first brought an action at law to establish their legal rights, and obtained judgment in their favor therein. It appeared that such an action at law was now pending.

The judge found and ruled, on the deeds and evidence above stated, that the plaintiffs had a clear right to the use, free from any obstruction, of the whole width of the passageway, of not less than eight feet in width, throughout its whole length and breadth; that the same had been and was obstructed and occupied by the defendant without right, by obstructions of a permanent and continuous character, and that such obstructions were and would be an irreparable injury, for which a judgment for damages in an action at law would not give adequate relief; and ordered a decree to be entered for the plaintiffs. The defendant appealed to the full court.

*G. S. Hale*, for the plaintiffs.

*D. Foster & A. D. Foster*, for the defendant.   1. The plaintiff, under the indenture of 1769, and the deeds of 1826, has merely a reasonable right of way over the passageway. *Atkins* v. *Bordman*, 2 Met. 457. *Johnson* v. *Kinnicutt*, 2 Cush. 153. *Clifford* v. *Hoare*, L. R. 9 C. P. 362. *Harding* v. *Wilson*, 2 B. & C. 96. *Squill* v. *Campbell*, 1 Myl. & Cr. 459. *Child* v. *Douglas*, Kay, 560.

2. By the Gen. Sts. *c.* 139, the plaintiffs have a plain and adequate remedy at law; and have brought an action at law to determine their rights. The court has therefore no jurisdiction in equity to enforce their rights, if they have any. *Jones* v. *Newhall*, 115 Mass. 244. *Washburn* v. *Miller*, 117 Mass. 376. *Remington* v. *Foster*, 42 Wis. 608. *Carlisle* v. *Cooper*, 6 C. E. Green, 576. *Coe* v. *Winnepisiogee Co.* 37 N. H. 254. *Eastman* v. *Amoskeag Co.* 47 N. H. 71. *Attorney General* v. *Utica Ins. Co.* 2 Johns. Ch. 371. *Van Bergen* v. *Van Bergen*, 3 Johns. Ch. 282. *Irwin* v. *Dixion*, 9 How. 10. *Parker* v. *Winnipiseogee Co.* 2 Black, 545. *Mayor, &c. of Cardiff* v. *Cardiff Waterworks*, 4 DeG. & J. 596. Kerr on Injunc. (2d ed.) 165. Joyce on Injunc. 100. Story Eq. Jur. § 924.

The injury in this case is not irreparable. The obstructions complained of have remained in the same condition since 1867, and the injury set forth is contingent and uncertain, and may never exist before the plaintiffs' rights are determined in the action at law now pending. *Durell* v. *Pritchard*, L. R. 1 Ch. 244. *Goodson* v. *Richardson*, L. R. 9 Ch. 221. *Imperial Gas Light & Coke Co.* v. *Broadbent*, 7 H. L. Cas. 600. *Dana* v. *Valentine*, 5 Met. 8. *Carlisle* v. *Cooper*, 6 C. E. Green, 576.

3. The plaintiffs are debarred by their laches from maintaining the bill ; and the protest of their grantors without further action is not sufficient to enable the bill to be maintained. *Weller* v. *Smeaton*, 1 Cox Ch. 102. *Cooper* v. *Hubbuck*, 30 Beav. 160. *Birmingham Canal Co.* v. *Lloyd*, 18 Ves. 514. *Ripon* v. *Hobart*, 2 Myl. & K. 169. *Elmhirst* v. *Spencer*, 2 Macn. & Gord. 45. *Reid* v. *Gifford*, 6 Johns. Ch. 19. *Dana* v. *Valentine, ubi supra. Tichenor* v. *Wilson*, 4 Halst. Ch. 197. *Southard* v. *Morris Canal*, Saxt. Ch. 518.

ENDICOTT, J.   We cannot give to the deeds the construction for which the defendant contends ; namely, that the plaintiffs are not entitled to have the whole passageway, not less than eight feet wide, open and unincumbered, but are entitled to have only a reasonable and convenient way within these limits.

By the indenture of 1769, between John Jeffries and others, who were owners in fee of the passageway, over which a way then existed, it was agreed that it measured "nine feet in the front on King Street," and "at the upper end six feet four inches," and that it should "always lie open and unincumbered for the use of their estates." In the covenants of the several parties each agrees that he "will not at any time incumber or stop up the same, but that the same shall be open " for the use of their respective estates, "according to the measurements aforesaid." This would seem to be sufficiently explicit, and to express as clearly as language can, not merely that a way existed over the parcel of land described, but that the way extended over the whole parcel, the limits of which way are exactly defined. The case does not fall within the rule laid down in *Johnson* v. *Kinnicutt*, 2 Cush. 153 ; but more nearly resembles *Tucker* v. *Howard*, 122 Mass. 529, where a description in a deed of a passageway, as "five feet wide in the clear," was held to be so exact that the way could not be narrowed or obstructed by the structure, which the grantees and their assigns had the right to build over it under another clause in the deed.

By the mutual deeds, executed in 1826 by the owners of the estates now held by the parties to this bill, no change was made in the uses to which the way was devoted; but the result of the conveyances was to narrow the way at one end, and widen it at the other, leaving it, in the language of one deed, "at least eight

feet wide in every part;" and of the other, "in no place less than eight feet wide." The last-named deed refers to the indenture of 1769 for a more particular description, recites that the way had been kept open for a long time, and used in common by the owners, and from other recitals it appears that the way thus altered was to be used as it had been previously.

It does not appear that any encroachment was made upon it until the defendant, soon after it took its deed in 1867, built the structures complained of, which reduced the width of the way in two places to less than five feet. Josiah P. Cooke and another, who then owned the estate, which in 1877 they conveyed to the plaintiffs, at once sent a written notice to the defendant, that they were entitled to all the rights secured to their estate in the passageway by the indenture of 1769, and forbidding the defendant from encroaching upon it, and requiring the removal of the structures placed there. The defendant paid no attention to this notice, and has since continued to obstruct the way. Soon after the plaintiffs took their deed in 1877, they notified the defendant to remove the structures, and upon refusal filed this bill.

The case was heard before a single judge on the merits. It was set up in the answer, and urged as a defence to the plaintiffs' case at the hearing, that there was a plain, adequate and complete remedy at law for the alleged injury. By the trial so had, it has been established, beyond question, that the plaintiffs have a right to the use of this passageway, eight feet wide, through its entire length; and that the structures placed therein by the defendant are of a permanent and continuous character, and have been and are maintained to the injury of the plaintiffs' estate, after notice to remove them, given not only by the plaintiffs, but by their grantors. Upon these facts we are of opinion that the plaintiffs are entitled to relief in a court of equity. *Creely* v. *Bay State Brick Co.* 103 Mass. 514. *Hartshorn* v. *South Reading*, 3 Allen, 501. *Cadigan* v. *Brown*, 120 Mass. 493, 494. An action at law would not give to the plaintiffs an equally adequate and complete remedy, for reasons which are well stated in the case last cited.

The case at bar is clearly to be distinguished from *Washburn* v. *Miller*, 117 Mass. 376, upon which the defendant relies. That was a bill to restrain the defendant from trespassing upon a pri-

vate way, without showing that adequate compensation for such trespasses could not be recovered at law, and to enjoin him from prosecuting a suit at law which he had brought against the plaintiff for interfering with the use of the same way. We find nothing in the language of the opinion, as applied to the facts there presented, in conflict with our conclusion in this case.

The question of laches was not raised at the hearing, and the report of the facts does not appear to have been framed to present it. It is not, therefore, open here.

*Decree affirmed, with costs.*