## GUSTAVUS B. WILLIAMS *vs.* CHARLES P. CLARK.

Worcester. Sept. 28. — Oct. 26, 1885. FIELD, C. ALLEN, & GARDNER, JJ., absent.

In 1853, H. conveyed land to a railroad corporation by a deed which provided that the corporation should furnish H., his heirs and assigns, with a "convenient" crossing over the railroad at grade, the precise spot to be thereafter designated by H., to be constructed "entirely within the limits of the land herein conveyed" to the corporation, and "forever after to be maintained" by it. Soon after the date of the deed, H. indicated the spot where the crossing should be located, and a crossing was there built on its own land by the corporation, adapted to the grade of the road as then fixed, which crossing was not then obstructed by gates or bars; but, in 1884, the corporation erected such obstruction, and an assign of H. brought an action therefor against the corporation. *Held*, that he was entitled to have the way kept open without gates or bars. *Held, also*, that the expense of making new approaches to the crossing on the land of H., rendered necessary by a change in the grade of the railroad, could not be recovered of the corporation.

CONTRACT, with counts in tort, against the receiver of the New York and New England Railroad Company, for obstructing a right of way over the railroad of said corporation. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*T. G. Kent,* (*G. B. Williams* with him,) for the plaintiff.

*W. C. Loring,* for the defendant.

DEVENS, J. In 1853, Dan Hill, from whom the plaintiff derives title, conveyed land to the railroad company by a deed which provided that the grantee was to furnish Hill, his heirs and assigns, with two convenient crossings (the precise spots to be thereafter designated by Hill) over its railroad, one of which, that now in question, was to be a crossing at grade. Soon after the date of the deed, Hill indicated the spot where this should be located, and a crossing was there built on its own land by the railroad company, adapted to the grade of the road as then fixed. It was not obstructed by gates or bars, either then or for many years thereafter; and it is on account of such obstruction, erected in 1884, that the plaintiff seeks in this action sufficient damages to establish his right to an unobstructed passage.

While, in terms, it was not provided that this crossing should be unobstructed by gates or bars, yet the facts that it was to be "convenient," and that the railroad company itself constructed and for many years permitted the existence of such a one, sufficiently show that what it intended to grant was a free right of passage. No usage or circumstances such as are shown where one grants a way or right of way over a field devoted to agricultural or other purposes, indicating that the right granted is to be subordinate to the rights of the grantor, or the use made by him of the premises, here exist. *Welch* v. *Wilcox*, 101 Mass. 162. *Tudor Ice Co.* v. *Cunningham*, 8 Allen, 139. That a crossing obstructed by gates or bars is far less convenient to those entitled to use it, is fully conceded by the defendant's argument.

Unless the railroad company is released from its obligation by reason of the peculiar character of the business it conducts, or by the general laws, especially those imposing on it certain duties as to maintaining fences, the plaintiff has just ground of complaint for the obstruction.

The defendant objects, that, if a gate cannot be put at a private crossing, the railroad company cannot protect itself against such private crossing becoming *de facto* a public one; that since 1857 a public grade crossing can only be made upon the adjudication of the county commissioners that the public necessity so requires, and since 1876, only, in addition to such adjudication, by the consent of the railroad commissioners; and that the efficacy of these statutes is destroyed if every owner of a private way may force the railroad to make it *de facto* public. That every free and open private way tends to become a public one, or to subject those who maintain it to responsibility for its condition by reason of the apparent invitation to travel thereon which it holds out, may be true; but a party entitled thereto is not, on that account, to lose the benefit of the contract which his predecessor in title has made.

The statutes, by the ample powers given to the public authorities in regard to a " travelled place " in towns or cities, have provided carefully for protection to those who travel either on the railroad or on public or private ways connected therewith. Pub. Sts. *c.* 112, §§ 163–166. An extremely broad term has been used, that every description of way might be included.

Such authorities might make, without doubt, entirely different provision for the use of a private way crossing a railroad from that agreed on by the railroad corporation and an individual, if they deemed the public safety required it. Whether, if such use were much less convenient to an individual than that for which he had contracted, he would have a remedy therefor in damages, need not be now considered. Even if the crossing here in question is to be deemed a " travelled place," or tends to become one by the use made of it by the plaintiff, so that the railroad corporation may be ultimately compelled, or that there is reasonable ground to believe that it may be compelled, by the public authorities to erect sign-boards, ring the bells of its locomotives, erect and maintain gates or bars, station agents, or flagmen, &c., this cannot entitle the railroad corporation itself to obstruct a free and open private crossing, if it has granted such a crossing.

The St. of 1846, c. 271, was in force when the contract with Hill was made ; by it, all railroad corporations were obliged to fence their ways at such places as may " reasonably be required." The statute at present in existence imposes the duty of fencing their railroads, omitting the words " reasonably required." While both require a highway or other public way to remain open, under each statute these fences are to be constructed " with convenient bars, gates, or openings " therein, so far as private ways are concerned, barriers to prevent the entrance of cattle thereon being provided where it is necessary or practicable to do so. Pub. Sts. c. 112, § 115. Because a railroad corporation may employ either of these three means to render a private crossing available, it cannot be inferred that, when it has lawfully agreed to employ one of them, it may of its own volition employ another. If it deemed that public safety required a different use of the crossing, or that it should cease to exist as an unobstructed and open crossing, the corporation could itself have invoked the action of the public authorities. For these reasons, we are of opinion that the plaintiff is entitled to nominal damages for the obstruction complained of by him.

The question remains, by whom the expense of raising the approaches to the crossing, rendered necessary by the change in the railroad grade, shall be borne. The defendant was bound to

make a crossing "entirely within the limits of the land herein conveyed" to it, which was "forever after to be maintained" by it. The duty imposed on the defendant was carefully limited by words which do not include the approaches to the crossing. If the contingency that there might be thereafter a change in the grade of the railroad, lawfully made, occurred to the contracting parties, it is reasonable to believe that the plaintiff himself should prepare his approach thereto, having regard to that which he deemed most suitable in the use then made by him of his premises. No authority was given to the railroad corporation to enter by its servants on any land of the plaintiff there to raise the grade thereof, or to perform any act therein. While the crossing was to be made "convenient," it was to be so within the limits stated. The fact that, by its workmen, the corporation actually constructed the approaches originally made, without evidence upon the question who bore the expenses, cannot be important. The plaintiff is not, in our view, entitled to demand from the defendant the expenses of changing the grade of the approaches.                *Judgment for* $1 *damages.*