### BRIDGET O'BRIEN *vs.* JOHN F. MURPHY.

Hampden.    September 26, 1905. — October 19, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Equity Pleading and Practice,* Master's report. *Way. Equity Jurisdiction,* Continuing trespass.

Where the evidence is not reported a master's findings of fact are conclusive.

A deed of a lot of land with a dwelling house thereon granted the right of passage "over a strip of land sufficiently wide for all purposes of travel with team or on foot, lying along the westerly side of the land above described, the same to be used in common with the grantor and those claiming under him, for the purpose of entering upon the rear part of the lot above described." The land conveyed lay wholly to the east of the line named and the land on the westerly side belonged to the grantor. *Held,* that the way granted was wholly over the land of the grantor, and that the boundaries of the way, left uncertain by the deed, were to be determined by considering the purpose for which it was granted and the manner in which it had been used.

A suit in equity may be maintained to enjoin the continuance of repeated trespasses which interfere with the free use and enjoyment of real property of the plaintiff, even if a recovery at law of nominal damages would afford full compensation.

BRALEY, J.    This is a bill in equity brought in the Superior Court praying for an injunction to restrain the defendant from

wrongfully interfering with the plaintiff's use of her estate, and for general relief. Having been referred to a master, upon his report a decree was entered dismissing the bill, and the case is before us on the plaintiff's appeal.

The master's findings of fact must be taken as conclusive as the evidence is not reported, and the only question for our decision is whether the decree is consistent with them. *East Tennessee Land Co.* v. *Leeson*, 183 Mass. 37, 38.

The parties own contiguous estates fronting on a public street from which access to the rear land of each is over a private way used in common, but not defined by metes and bounds. From the nature of the title, it becomes important first to determine the proper location of this way, as the alleged wrongful use of the plaintiff's land by the defendant for this purpose is the principal foundation of the suit. Both estates, formerly owned by a common grantor, consisted of one tract with two dwelling houses. In 1874 he made a division, by conveying the easterly part with the dwelling house to the predecessor of the defendant, who has occupied the premises since he acquired title in 1896. In the deed of conveyance there was granted as appurtenant " the right of passage to and from over a strip of land sufficiently wide for all purposes of travel with team or on foot, lying along the westerly side of the land above described, the same to be used in common with the grantor and those claiming under him, for the purpose of entering upon the rear part of the lot above described."

Upon the findings appearing in the report as amended, and those subsequently made in response to objections filed by the parties when the draft report was submitted, but not embodied in the final report as they should have been, the way necessarily passed between the dwelling houses of the respective parties. These buildings were thirteen feet apart, and this space affords the only feasible means by which the land in the rear of either house could be reached. This narrow space, however, does not define the boundaries, but only the limits within which a way conveniently must be laid out. *Johnson* v. *Kinnicutt*, 2 Cush. 153.

Notwithstanding the plaintiff's contention that by the erection of fences running northerly along the division line from a point

thirteen feet south of the intersection of this line with the line of the south wall of the defendant's house extended, and which had been maintained in substantially the same location for more than twenty years, she had acquired certain prescriptive rights over the land of the defendant, her claim is not sustained by the master. The rights of the parties are thus left as established by the grant. At the date of the deed the way used by the original grantor ran partly on land now owned by the defendant, and so continued to be used until 1887. In that year a division fence, which has since been maintained, was built on the line that ran north and south between the estates.

Unless the plaintiff has a right to subject the defendant's land to a part of the easement, the physical location of the way on her land next to the westerly side of the fence must be deemed the true location.

The language of the grant did not create either by reservation or exception an easement over the land conveyed for the benefit of the remaining land now owned by the plaintiff. There are no sufficient words to support an implied grant on the part of the grantee, or to indicate that the grantor retained this right as a part of his former estate to be used in connection with the remainder. *Wood* v. *Boyd*, 145 Mass. 176. *White* v. *New York & New England Railroad*, 156 Mass. 181. *Haverhill Savings Bank* v. *Griffin*, 184 Mass. 419.

This division left to the grantor full access to the highway over the remaining land. There being no necessity for the use of any part of the granted premises, he could not in derogation of his grant claim an easement therein by implication even to the extent of the use shown at the date of his deed. *Carbrey* v. *Willis*, 7 Allen, 364. *Randall* v. *McLaughlin*, 10 Allen, 366. *Buss* v. *Dyer*, 125 Mass. 287, 291. *New York & New England Railroad* v. *Railroad Commissioners*, 162 Mass. 81, 83.

The "right of passage" is described as placed along "the westerly side of the land above described", and is thus brought inside of the division line, as the grantee's land lay entirely to the east of this line. He indeed says that it is "to be used in common." By this phrase he intended that while the easement as such became appurtenant to the land conveyed, the right granted was not exclusive.

Such construction, while it places the way wholly upon the plaintiff's land, does not define its boundaries, which being left uncertain, are to be determined by resort to the purpose for which it was granted, and the acts of those having the right of user. *Bannon* v. *Angier,* 2 Allen, 128.

From the evidence before him, including a view of the premises, the master states that "a way, sufficient in length for the purposes of entering upon the rear part of the Murphy land for all purposes of travel with team or on foot, would extend upon the land of the plaintiff along the side division line to a point in said line twenty feet southerly of said point of intersection of the said division line with the line of the south wall of the Murphy house extended."

The plaintiff contends that it should not be extended further than is necessary to enable the defendant conveniently to pass upon his own premises directly in the rear of his house, and for this purpose the full length of twenty feet below the line of intersection would not be required. But it must be taken as settled by the terms of the report that a way across the plaintiff's land has been defined for the length and width described. How far she would have the right to establish and maintain reasonable gates and bars at the termini to protect her property from unlawful and annoying intrusion is not before us, and need not be decided. See *Short* v. *Devine,* 146 Mass. 119, 124.

From this establishment of the way, the act of the plaintiff in obstructing its use by a fence at the southerly end was unjustifiable, and the removal of this fence by the defendant, within the limits of the way as defined, was not in excess of his lawful right. But as the bill cannot be maintained for past trespasses there is no occasion to consider the further finding that in the exercise of this right the defendant slightly exceeded his authority. *Washburn* v. *Miller,* 117 Mass. 376.

If the final location of the way presented the most important question, the report also states that the defendant, by ditches upon his land accumulated and discharged water, and also shovelled snow in small quantities, upon the plaintiff's land. Not being done for the improvement or repair of the way, these acts were correctly found to have been unlawful. *Rathke* v. *Gardner,* 134 Mass. 14, 16.

While it is stated that the injury was inappreciable, it also is found that the defendant claimed to have acted within his lawful rights, and although actions to recover damages were pending " his conduct after the bringing of the actions at law and prior to the filing of the bill was such as to indicate that the acts would be continued and repeated."

A failure to maintain all the allegations of the bill does not preclude the plaintiff from equitable relief if those sustained are sufficient to entitle her to a decree.

It is true that she has not suffered " irreparable injury " in the sense that the wrongs threatened cannot readily be estimated, or compensated by money damages, and therefore it is argued that she should be remitted to an action at law. See *Lynch* v. *Union Institution for Savings*, 158 Mass. 394; *S. C.* 159 Mass. 306.

The inconvenience and annoyance from repeated trespasses, though relatively harmless, but which interfere with the free use and enjoyment of real property justify the interference of a court of equity to prevent their continued repetition, even if a recovery of nominal damages at law would afford full compensation. *Slater* v. *Gunn*, 170 Mass. 509. *Jager* v. *Vollinger*, 174 Mass. 521, 522. *Cobb* v. *Massachusetts Chemical Co.* 179 Mass. 423. *Boston & Maine Railroad* v. *Sullivan*, 177 Mass. 230, 234. *Driscoll* v. *Smith*, 184 Mass. 221, 223. *Wheelock* v. *Noonan*, 108 N. Y. 179, 185, 186.

If the plaintiff's title is put in issue it can be determined as well by a court clothed with full equity powers as at law. The jurisdiction at least is concurrent. *Billings* v. *Mann*, 156 Mass. 203.

It has been said that the insolvency of a defendant, from which his inability to pay damages may be inferred, affords a reason for entertaining such a bill where otherwise relief would be denied. This element, however, is no longer required in order to confer jurisdiction. *Boston & Maine Railroad* v. *Sullivan, ubi supra.*

The decree of the Superior Court should be reversed, and a decree without costs entered in favor of the plaintiff, overruling the exceptions of both parties, confirming the report, and awarding an injunction restraining and enjoining the defendant

from committing further trespasses similar to those described in the report.

*Ordered accordingly.*

*J. P. Kirby*, for the plaintiff.

*T. B. O'Donnell*, for the defendant.