Hillsborough, }
  Jan. 5, 1909. }

MANCHESTER *v.* HODGE *& a.*

An owner of land abutting upon a private way has no right to use the half of the street adjacent to his premises for any purpose incompatible with its reasonably free use as a way, or to use the other half for any purpose other than travel.

BILL IN EQUITY, for an injunction. Transferred from the May term, 1908, of the superior court by *Pike*, J. The case is the same as that reported 73 N. H. 617 and 74 N. H. 468, and the facts appearing in the latter report are made a part of this case.

Willow street is a private way, and is the westerly boundary of the plaintiffs' land and the easterly boundary of the defendants' land. The defendants are in possession of the street opposite

their respective properties, have enclosed the same with fences, have built sheds thereon, and have incumbered the ground with lumber, stone, iron, and other things in great quantities. By so doing they have prevented and still prevent all travel over the street, and deprive the plaintiffs of all means of access to their cemetery over the same.

In this proceeding the plaintiffs moved that the defendants be ordered to remove all obstructions thus maintained by them. The defendants claim that they have the legal right to use and occupy Willow street in the manner and to the extent above set forth. If they do not have the legal right to so use the street or any part of it, an injunction is to issue to the extent of the unlawful occupation thereof; otherwise, the plaintiffs' motion for such an order is to be denied.

*George A. Wagner, David Cross,* and *Taggart, Tuttle, Burroughs & Wyman,* for the plaintiffs.

*Burnham, Brown, Jones & Warren,* for the defendants.

BINGHAM, J. The defendants, as abutting owners upon Willow street, have no right to use the half of the street adjacent to the cemetery for any purpose other than travel, and no right to use the other half of the street except for the purpose of travel and such other purposes as are not inconsistent or incompatible with its reasonably free use as a way by the city in going to and from the cemetery. *Graves* v. *Shattuck,* 35 N. H. 257; *Low* v. *Streeter,* 66 N. H. 36; *Ladd* v. *Brick Co.,* 68 N. H. 185; *Jewell* v. *Clement,* 69 N. H. 133; *Tudor Ice Co.* v. *Cunningham,* 8 Allen 139; *Welch* v. *Wilcox,* 101 Mass. 162; *Williams* v. *Clark,* 140 Mass. 238.

It is found that the defendants have so enclosed and incumbered the street as to prevent all travel upon it. This means, as we understand it, that the defendants not only use the half of the street adjacent to the cemetery for purposes other than travel, but so use the half adjacent to their own premises as to wholly exclude the city from its use, and is equivalent to a finding that the use made by the defendants is inconsistent with the reasonably free use of the street as a way to the cemetery. Therefore, as the case stands the plaintiffs' motion should be granted and an injunction issue accordingly.

*Case discharged.*

All concurred.