## JAMES D. CHAMPION, Appellant, *v.* E. C. SESSIONS et al., COMMISSIONERS OF THE COUNTY OF WASHOE, Respondents.

A judgment rendered during vacation on demurrer is irregular and void.

Since the passage of the Act of 1864-5, no action can be maintained against a county upon a money demand until the claim is presented to the Commissioners and disallowed by them, and a failure to allege such fact might be a fatal defect in the complaint. But where the relief sought by the plaintiff is not damages, but an injunction to prevent the Commissioners from committing an unlawful act, as the opening of a road through plaintiff's land without having compensated him, and which, if opened, would result in damages, no demand need be made.

The words "County Commissioners of Washoe County" following the names of the defendants in an action, are merely *descriptio personarum,* and are not in themselves sufficient to make it an action against the county.

In cases of this kind, where a complete and adequate remedy can be had at law, a Court of equity will not interfere; but on the other hand, if the injury is likely to be irreparable, or if the defendant be insolvent, equity will always interpose its power to protect a person from a threatened injury. Where, therefore, it is alleged in the bill that "the ranch of the plaintiff through which it is proposed to open a certain road is of symmetrical proportions and easily cultivated; that the passage of such road through it will greatly disfigure the ranch and largely increase the expense and render it much more difficult to cultivate," an injunction will be issued to restrain the unauthorized opening of such road.

The Legislature has an undoubted right to confer upon the County Commissioners the power to open roads, upon a proper compensation being made to those whose property is taken for such purpose, but until such compensation is made there is no power within the State which can legally appropriate the property of the citizen, except in certain cases mentioned in Section 2, Article I., of the State Constitution.

APPEAL from the District Court of the Fourth Judicial District, State of Nevada, Washoe county, Hon. C. C. Goodwin presiding.

The plaintiff filed his bill for an injunction to restrain the defendants from opening a road through his ranch in the County of Washoe. He alleges in his bill that he is the owner of certain land in Washoe Valley, which is of the value of fifty dollars per acre in United States gold coin; that E. C. Sessions, D. J. Gloyd, and I. N. Mundell, the defendants, are the County Commissioners of the County of Washoe, that on the 3d day of July, A. D. 1865, they established a certain public road or highway, running between Franktown and Mill Station, which is of the width of four rods; that said road, so established by the defendants, will pass over and upon the ranch of plaintiff

for the distance of eighty rods; that the defendants, on the same day, made and issued another order to the defendant, L. H. Dyer, who was Road Supervisor of the County of Washoe, ordering him to open the road established by them to the public travel; that the defendant Dyer notified the plaintiff that he would open the said road across his ranch on the 17th day of July, A. D. 1865; and that he was about to execute the order of the Commissioners, and that he, the plaintiff, believes the defendant Dyer will so open the road to the public travel if he be not restrained from so doing by order of Court. It is also alleged that if said road be opened, about two acres of plaintiff's land will be taken for public use without compensation having been made to him therefor; that the road when so opened will be perpetually continued and maintained for public travel; that its passage through the plaintiff's land, in the manner proposed by the defendants, will greatly disfigure his ranch and largely increase the expense, and render it more difficult to cultivate, that it will impose upon the plaintiff the necessity of erecting additional gates and bars, and other means of egress and ingress to and from said ranch, and will thereby greatly endanger the crops of the plaintiff from the incursions of cattle and other animals, which grievances and injuries will be continuous, great and irreparable.

To this complaint the defendants filed a general demurrer, which was argued during vacation and sustained by the Court below, and an order was made dissolving the preliminary restraining order previously granted. At the succeeding term of the Court judgment in favor of the defendants dismissing the bill was entered. Plaintiff appeals from the final judgment.

*Atwater & Flandrau*, Attorneys for Appellant.

The complaint states a good cause of action for an injunction against defendants. (Art. I., sec. 8, Con. of Nevada; Art. VIII., sec. 7, Con. of Nevada; *Bloodgood* v. *Mohawk and H. R. R. Co.*, 18 Wend. p. 9; *Jerome* v. *Ross*, 7 J. Chan. p. 320; *Gardner* v. *Trustees of Newburg*, 2 J. Ch. 161; *Albany and Northern R. R. Co.* v. *Brownell*, 24 N. Y. 345, 351-2; *Mohawk and H. R. R. Co.* v. *Archer et als.*, 6 Paige, 83; *Kittle* v. *Pheiffer*,

22 Cal. 484; *Daubenspeck* v. *Gear*, 18 Cal. 443; *Hicks* v. *Compton*, 18 Cal. 206; Storey's Eq. Jur. vol. 2, secs. 928, 929.)

The action is brought against the defendants above named as individuals, in their own names, to prevent the commission of a wrongful and illegal act, and is not an action against the County of Washoe. (Stat. Sess. 1865, p. 257–263, inclusive; Sess. Laws of Cal. 1854, p. 43; Comp. Stat. Minnesota, p. 109, secs. 251, 259, p. 193, sec. 93; *Huffman* v. *San Joaquin County*, 21 Cal. 426; *Hastings* v. *San Francisco*, 18 Cal. 49; *Curran* v. *Shattuck*, 24 Cal. 431; *Purdy* v. *People*, 4 Hill, 395; Art. IV., secs. 25 and 26, Constitution; Stat. 1864, p. 45.)

Section 24 of Chapter 80, Statutes of 1865, has no reference to a case of the kind stated in the complaint. That refers to *money demands* against the county. No money demand or claim for damages is made by plaintiff either against the county or the defendants. (*McCann* v. *Sierra County*, 7 Cal. 191; see sections 9, 11, 12, 21, 25, of Statutes of 1865, pp. 259, 260, 262, 263, *in pari materia;* chap. 78, p. 254, Statutes of 1865; sec. 2, chap. 90, p. 355, Statutes of 1865.)

But even admitting the power existed in the Commissioners to open this road, and that they had paid or secured payment to plaintiff for the property and the damages sustained, the complaint would still show a good cause of action, since upon the admitted facts of the complaint, the notice given was unreasonably short. In North Carolina three months' notice is required in opening new roads (1 Richardson, 325); Minnesota, sixty days (Comp. Stat. p. 219, sec. 211); New York, sixty days (6 Wend. 634).

*North & Harris*, Attorneys for Respondents.

The judgment appealed from is not of the class that are under the statute allowed to be entered by the Clerk in vacation.

The judgment decides an issue of law raised by the pleadings, and dismisses the complaint.

Our Practice Act of 1861 plainly directs how actions may be brought, and plainly directs that there shall be no difference between actions at law and equity. (Statutes 1861, p. 314, sec. 1, Pr. Act.)

The judgment being entered by order of the Judge of the Fourth District, in vacation, is void *ab initio.*

It is the same as if no judgment had been entered, or any proceedings had in the Court below.   (See Bouvier's L. Dic., " Judgment," sec. 3.)

The statute indeed contemplates an appeal from interlocutory orders made at chambers, but this is not an appeal from any *order,* but from a judgment.

This is not a proceeding upon *certiorari,* but an *appeal* in its terms.

This Court, having only appellate jurisdiction, cannot in this case assume the functions of a Court of the first instance. (See Statutes 1864–5, pp. 110, 111, secs. 5 and 6.)

The issue of law in this case should have been heard and determined in term time, or a motion should have been made at the next ensuing term to set aside the judgment for irregularity, and if overruled, an appeal could properly have been taken from the judgment in connection with such order.

The judgment was entered pursuant to a hearing of the issue of law had on the 29th day of July, 1865, in vacation. (See Statutes 1864–5, pp. 148–9.)

We think, from the foregoing considerations, that the Court had no jurisdiction in this matter—that the cause should be sent to the Court below for further proceedings.


Opinion by LEWIS, C. J., full Bench concurring.

The plaintiff in this action filed his bill for an injunction restraining the defendants from opening a public road through his premises in Washoe Valley.   To the complaint the defendants interposed a general demurrer, which, being sustained by the Court below, judgment for the costs was rendered against the plaintiff on the 29th day of August, A. D. 1865, from which judgment he takes this appeal.   It appears by the record that the demurrer was argued, the preliminary injunction dissolved, and judgment ordered in favor of defendants on the 29th day of July, A. D. 1865, which was in vacation.   The restraining order granted by the Court might have been dissolved upon a proper showing at chambers, but

to allow the argument of a demurrer to sustain or overrule the same, and render judgment thereon, in vacation, is clearly irregular, and a judgment so rendered would doubtless be a nullity. It may be observed, however, that the appellant does not appeal from the order or judgment rendered in vacation, but from a final judgment rendered afterwards, and during the August term of the Court. The fact of the demurrer having been argued and sustained at chambers does not make a judgment subsequently rendered upon such demurrer during a regular term of the Court a nullity. There is, therefore, no foundation for respondents' motion to dismiss the appeal. The position of counsel in support of the demurrer seems to be equally untenable. It may be admitted that no action can be maintained upon a money demand against a county until the claim is presented to the County Commissioners and disallowed, and a failure to allege such presentation might be a fatal defect in the complaint; but this is not an action for the recovery of money, and the law which declares "no person shall sue a county in any case for any demand, unless he or she shall first present his or her claim or demand to the Board of County Commissioners and County Auditor for allowance," has reference only to money demands, a fact which is perfectly clear from the language of the Act itself. The relief sought by the plaintiff is not damages for an injury done, but an injunction to restrain the defendant from the commission of an illegal act which he alleges would result in irreparable injury. If the road in question had been opened at the time this action was commenced, and the plaintiff had brought his action merely to recover damages, the position taken by the Court below in its opinion would undoubtedly be correct. That is not, however, the case. His object is to prevent the commission of a trespass, not to recover damages for one already committed.

The value of the land, or the actual damage he would sustain from the opening of the road through his premises, may be no compensation for the inconvenience or injury which the plaintiff might suffer from the threatened action of the defendants. The plaintiff, having suffered no damage, and the relief sought by him being only for an apprehended injury, he had

no claim to present to the Commissioners.   But should there be any doubt upon this point, there is none whatever that this is not an action against the county, which of itself completely disposes of this case.

The words " County Commissioners of the County of Washoe," after the names of the defendants, are merely *descriptio personarum*, and cannot by any possible means make this an action against the county.   No judgment could have been rendered against the county upon the complaint. It would not be claimed for a moment that an action against an individual described as the County Clerk or Treasurer in the complaint would be an action against the county, and yet there seems to be no reason why it should not be, any more than an action against certain persons described as County Commissioners should be.

Indeed, whether the powers of a Court of equity may be invoked to restrain the illegal opening of a public road through the premises of a person where it is not clearly shown that it would produce irreparable injury, or that the defendant is insolvent, is the only question in the case which seems to admit of argument.   In cases of this character, when a complete and adequate remedy can be had at law, it is settled that a Court of equity will not interfere; but on the other hand, if the injury is likely to be irreparable, or if the defendant be insolvent, equity will always interpose its power to protect a person from a threatened injury.

We find one allegation in the complaint which we think brings the plaintiff within the pale of the equity jurisdiction of the Court and entitles him to the relief prayed for.   That allegation is as follows : That the ranch of the plaintiff, through which the same is proposed to be opened, is of symmetrical proportions and easily cultivated; that the passage of said road through the same in the manner proposed by the said defendants will greatly disfigure said ranch, *and largely* increase the expense and render the same much more difficult to cultivate.   Here an injury, which would be continuous and irreparable in its character, would appear to be the result of opening the road in question.   It is an injury to the inheritance, impairing the just enjoyment of the property in the future,

and one which would have fully justified the issuance of the injunction. (*Bonaparte* v. *Camden and Amboy Railroad Company*, 1 Baldwin's Cr. R. 231; *Mohawk and Hudson Railroad Company* v. *Archer*, 6 Paige, R. 83; 2 Storey's Eq. Juris., secs. 928, 929.)

The Legislature has an undoubted right to confer upon the County Commissioners the power to open roads whenever they may deem it necessary, upon a proper compensation being made to those whose property is taken for such purpose. But until such compensation is made, there is no power within the State which can legally appropriate the property of the citizen for such purposes, except in certain cases mentioned in Section 8, Article I. of the Constitution of the State.

Judgment reversed and cause remanded. The Court below will reinstate the case and take such proceedings as the equity of the case may require not inconsistent with the views expressed in this opinion.