## Hugh Creely *vs.* Bay State Brick Company.

On a bill in equity to restrain the construction of a permanent causeway across the plaintiff's land, the objection that the plaintiff has an adequate remedy at law must be raised by demurrer or at least be specially relied on in the answer, and cannot be raised for the first time at the hearing; and if it appears that the defendants have been, through mistake of boundaries, constructing such causeway on the plaintiff's land, they will be decreed to discontinue its use and restore the plaintiff's land to its former condition.

Bill in equity, praying that the defendants might be restrained from constructing a causeway on the plaintiff's land,

and be ordered to remove earth and stones which they had brought thereon. An injunction was granted, but afterwards dissolved on the defendants' giving bond. The defendants moved that issues might be framed for a jury; but afterwards the parties agreed that the demand for a jury should be waived, and the case tried by the court. The case was accordingly heard by *Ames*, J., on whose report and the pleadings it was reserved for the determination of the full court. The facts are stated in the opinion.

*J. L. Stackpole*, for the plaintiff.

*A. A. Ranney*, for the defendants.

AMES, J. The facts reported present a plain case of that particular kind of injury that is described by the term nuisance. The defendants, at the time of the service of the injunction, were constructing, and since then have completed, a causeway of two or three feet in height, and about twenty-five feet in width, across the plaintiff's land, without his consent and in violation of his right. It is true that in so doing they were acting under a mistake as to boundaries, and were not wilful or malicious trespassers; but it is not less true that they were in the act of erecting a permanent structure, and claiming a permanent right, to be exercised according to their own will, and whenever they found convenient, on what proves to be the plaintiff's land. The subject matter of the bill, therefore, was clearly within the equity jurisdiction of the court. The objection that the plaintiff has a complete and adequate remedy at common law, even if well founded, comes too late. An objection of this kind should have been made on demurrer, or at least should have been specially relied upon in the answer, and not raised for the first time at the hearing upon pleadings which suggest no such ground of defence. Under such circumstances, the court can hardly do otherwise than retain the cause, provided it is competent to grant relief and have jurisdiction of the subject matter; and of this we have no doubt. The mode of trial adopted in the case has settled the question of title in favor of the plaintiff, and it is found as matter of fact that the boundaries of his lot are substantially as claimed by him, and that the road which the defendants have

constructed ˙crosses his land in such a manner as to separate about one fourth part of it from the rest. It is true that the act of the defendants was a trespass, and would have furnished sufficient ground for an action at law, but it was also an appropriation of the plaintiff's land of a continuous and permanent nature, as to which the plaintiff had a right to resort to the preventive as well as to the remedial power of the court, and to seek for a decree directing the removal of the structure, or requiring its discontinuance.

The plaintiff is therefore entitled to a decree requiring the defendants to discontinue the use of so much of the road as lies within the limits of his land, and also that they restore his land to its former and usual condition. The plaintiff is also to recover such a sum in damages as an assessor to be appointed by the court may, upon the hearing of the parties, award, with the costs of suit.　　　　　　　　　　　*Decree accordingly.*