JAMES C. TUCKER & another *vs.* OWEN HOWARD.

Suffolk.    Jan. 3. — Feb. 27, 1880.    COLT & LORD, JJ., absent.

A court of equity will not compel an innocent plaintiff, whose right in a passage-way has been encroached upon by the building of a wall therein to his substantial injury, to sell his right at a valuation; but will compel the wrongdoer to restore the premises, as nearly as may be, to their original condition, and to pay the damages sustained by the plaintiff pending the suit.

BILL IN EQUITY for an injunction against obstructing a passageway running from Merrimack Street in Boston, by erecting the wall of a building within it. A preliminary injunction was refused; and the defendant completed the wall. Upon a hearing on the merits, it appeared that the plaintiffs owned the land on one side of the passageway, and the defendant owned the land on the other side of the passageway and in the rear of it; that the plaintiffs had by deed "the right to pass and repass in, upon and over" the passageway in question, which was described as "five feet wide and ten feet high;" and that the defendant had the right to build over the passageway, leaving it "five feet wide in the clear, and not less than ten feet high;" and it was decided that the plaintiffs had the right to a way of the dimensions stated, and not merely to a convenient right of way; and that the wall erected within the passageway was in violation of the plaintiffs' right.   122 Mass. 529.

The case was referred to a master to ascertain the manner in which the building could be altered so as to make the passage-

way as wide as before, and the cost of such alteration, as well as the damages to the plaintiffs' estate if the wall should be allowed to remain in the passageway, and any damage suffered by the plaintiffs pending the suit. The master reported that the wall could be altered at a cost of $530, by taking down part of it, and substituting two iron columns with an iron beam thereon to support the wall above, so as to leave the passageway five feet wide, except that one of these columns would project a few inches into the passageway; that, assuming that the plaintiffs had the right to only so much light and air over the defendant's land as was necessarily incidental to the passageway, if five feet wide and ten feet high, and built over for its whole length, the permanent pecuniary damage to the plaintiffs' estate, if the present wall was allowed to remain, was $200; that if the plaintiffs had any greater right of light and air, this damage would be enhanced; and that the damage caused pending the suit and while the work of building was in progress, by excavations and driving piles and thereby causing the foundations of their house to settle, disturbing and interrupting the occupation thereof, and breaking in their drain, was $462.

At the hearing on the master's report, *Endicott*, J., entered a final decree, commanding the defendant to alter his building as above stated, and to pay to the plaintiffs the sum of $462, as reported by the master, and costs. The defendant appealed to the full court.

*A. A. Ranney*, for the plaintiffs.

*C. A. Welch*, for the defendant.

GRAY, C. J. The defendant, since the filing of this bill, has built a wall in the plaintiffs' passageway, which has been decided to be a violation of their right. *Tucker* v. *Howard*, 122 Mass. 529. The plaintiffs' right in the passageway included the right to so much light and air as was necessarily incident to the use of the passageway. *Atkins* v. *Bordman*, 2 Met. 457. The master finds that the permanent damage to the plaintiffs' estate, if the defendant's building is allowed to remain as it is, is $200, and that the building can be altered in the manner directed by the decree appealed from, at an expense of $530. The fact that no temporary injunction has been granted does not affect the kind or the extent of the remedy to which the

plaintiffs are entitled upon establishing their right at the hearing on the merits.  The defendant having, by the service of process, full notice of the plaintiffs' claim, went on to build at his own risk; and the injury caused to the plaintiffs' estate by the defendant's wrongful act being substantial, a court of equity will not allow the wrongdoer to compel innocent persons to sell their right at a valuation, but will compel him to restore the premises, as nearly as may be, to their original condition.  *Dent* v. *Auction Mart Co.* L. R. 2 Eq. 238, 246, 255.  *Aynsley* v. *Glover*, L. R. 18 Eq. 544, and L. R. 10 Ch. 283.  *Krehl* v. *Burrell*, 7 Ch. D. 551, and 11 Ch. D. 146.  *Schwoerer* v. *Boylston Market Association*, 99 Mass. 285.  *Creely* v. *Bay State Brick Co.* 103 Mass. 514.  *Nash* v. *New England Ins. Co.* 127 Mass. 91.  *Salisbury* v. *Andrews, ante*, 336.  The decree for a mandatory injunction, and for payment of damages suffered pending the suit, and for costs to the plaintiffs as the prevailing party, must therefore be                                 *Affirmed, with costs.*