JOHN P. WOODBURY *vs.* MARBLEHEAD WATER COMPANY.

Essex.   Nov. 7, 1887. — Jan. 5, 1888.   DEVENS & KNOWLTON, JJ., absent.

The St. of 1883, *c.* 163, incorporated a water company, for the purpose of furnish-
ing the town of M., or any other town or city, with water.   Power was given to
take the water of a certain brook in M., to purchase other water sources, to
take and hold lands for the purpose of conveying water into M., or other town
or city, to lay down pipes over any lands, and to enter upon public or private
ways under the direction of the authorities of the city or town where such ways
are situated.   The company was required, when land was taken, to record a
description in the registry of deeds of the county in which the lands should be
situated.   Power was also given to make contracts with M., or with any other
town or city, to supply water.   It was also provided that the county commis-
sioners for the county in which land taken was situated should require security
for damages.   The town of M. was given the right to purchase the franchise,
and to tax the inhabitants therefor.   *Held,* that the company had the right,
under the statute, to acquire water rights outside of M. without acquiring any
therein, and, for the purpose of conveying water to another town, to take land,
although it conveyed no water to M.

The St. of 1883, *c.* 163, incorporating a water company, and giving it power to take
lands, requires, in § 13, the county commissioners, upon the application of the
owner of any land taken, to estimate the damages and require the corporation
to give satisfactory security for the payment of all damages and costs which
may be awarded such owner; and provides that the right of the corporation to
enter upon or use such lands, except for making surveys, shall be suspended
until it gives the security so required.   *Held,* that the statute made adequate
provision for compensation.

If a statute giving the right to a water company to take land by the right of emi-
nent domain requires it to file a description of the land taken, "sufficiently
accurate for identification," and land is taken in two towns, a description which
states the land to be in one town, which does not state the width of the land
taken, and which is vague as to the termini, is insufficient.

If a statute giving the right to a water company to take land by the right of emi-
nent domain requires it to file a description of the land taken, "sufficiently ac-
curate for identification," it is no objection to a description that it does not state
the name of the owner of the land taken.

A water company, authorized to take land by the right of eminent domain on filing
a description "sufficiently accurate for identification," filed a description and
entered upon the land.   The owner brought a bill in equity for an injunction
against the company, and the company, after it had filed an answer in the case,
filed a new description, and set this up in a supplemental answer.   The first de-
scription was held to be insufficient, and the second to be sufficient.   *Held,* that
no injunction could issue, but that the bill might be retained for the assessment
of damages in respect to the entry before the lawful taking.

HOLMES, J.   This is a bill in equity to restrain the defendant
from maintaining its pipes in the plaintiff's land, and from

entering upon or using the same. The defendant justifies under the St. of 1883, c. 163. It has bought land in Swampscott, has sunk wells there, about three miles from the Marblehead boundary and has laid pipes from them in Lynn, in an' opposite direction from Marblehead, through the plaintiff's land.

The plaintiff's first contention is, that the defendant is not authorized to purchase water sources outside the town of Marblehead, — arguing from the name given to the defendant, from the special power in § 2 to take the waters of Putnam's Brook in that town, preceding the general words used, from the power given to Marblehead to purchase the franchise, &c., from the unlimited extent of the powers conferred upon any other construction, and from the general scope of the act. We certainly are much impressed with the force of these considerations, but we cannot escape from the plain effect of the language used.

The first section creates a corporation "for the purpose of furnishing the inhabitants of the town of Marblehead, or any other town or city, with water." By § 2 the corporation may take "the water of Putnam's Brook, so called, in the town of Marblehead, and the water rights connected therewith, and may purchase other water sources," and may take and hold all lands and easements necessary for holding and preserving such water and for conveying the same into said town, " or other town or city," and may construct and lay down pipes, &c., under or over "any lands," &c., "or public or private ways, and along any such ways," &c., "and under the direction of the board of selectmen of the town, or the mayor and aldermen of the city in which any such ways are situated, may enter upon and dig up any such ways," &c. See also St. 1886, c. 343. In § 3 is the usual provision, that "within sixty days after the taking of any lands, rights of way, water rights, water sources, or easements as aforesaid, otherwise than by purchase," the corporation shall "file and cause to be recorded in the registry of deeds for the county within which such lands or other property is situated, a description thereof," &c. By § 5, the corporation may make contracts with Marblehead, "or any other town or city, . . . . or with any individual or corporation, to supply water," &c. Finally, by § 13, " The county commissioners for the county within which any land, water, or water rights taken under this act is situated,"

shall require security for damages, upon application of the owner. It seems to us, that, if we should say that the defendant's right to take water is confined to the water in Marblehead, we should be yielding to our surprise at the scope of the powers conferred, rather than construing words according to their ordinary and plain meaning.

The plaintiff next objects that no adequate provision is made for compensation to the owner of lands taken otherwise than by purchase. But § 13,* to which we have referred, makes substantially the same provision that is made in respect of railroads by the Pub. Sts. *c.* 112, § 97, the sufficiency of which, we believe, never has been doubted. *Connecticut River Railroad* v. *County Commissioners*, 127 Mass. 50, 56. *Abbott* v. *New York & New England Railroad*, *ante*, 450. And although the injunction provided for by § 104 is not mentioned, doubtless one would be granted if the defendant undertook to use the land contrary to the terms of the act. *Brickett* v. *Haverhill Aqueduct Co.* 142 Mass. 394, 397.

We agree with the plaintiff, that the first description filed was not "sufficiently accurate for identification," as required by § 3. *Wilson* v. *Lynn*, 119 Mass. 174. *Warren* v. *Spencer Water Co.* 143 Mass. 9. The vote to take "the following described lot of land in Lynn," † which the written description

---

* This section is as follows: "The county commissioners for the county within which any land, water, or water rights taken under this act is situated, shall, upon application of the owner thereof, require said corporation to give satisfactory security for the payment of all damages and costs which may be awarded such owner for the land or other property so taken; but previous to requiring such security the county commissioners shall, if application therefor is made by either party, make an estimate of the damages which may result from such taking, and the county commissioners shall in like manner require further security, if at any time the security before required appears to them to have become insufficient; and all the right or authority of said corporation to enter upon or use such land or other property, except for making surveys, shall be suspended until it gives the security so required."

† The description, after these words, was as follows: "Commencing at the southerly line of Nahant Street, in the city of Lynn, at a point approximating the crest of the Lynn Beach; thence in a southwesterly direction on the said crest of said beach, through lands supposed to belong to J. P. Woodbury and Edward Heffernan, to Beach Street in said Lynn."

incorporates, and to which the plan subsequently filed within the sixty days refers, does not set out the width of the lot, and is vague as to the termini. A part of the plaintiff's land, too, is in Nahant. The written description is equally vague. The plan, if sought to be used either in aid of the instrument or as an independent description, apart from other objections, only cures the latter defect of the vote, if it can be cured.

But since the bringing of the bill there has been a new vote, a new entry, and a new description filed, accurate in itself and referring to an accurate plan. The only fault found with this description is that it does not set forth the names of the owners. But it identifies the land, which is all that the statute or justice to the owners requires. See *Grand Junction Railroad & Depot Co.* v. *County Commissioners*, 14 Gray, 553, 564. It was not argued for the plaintiff that the power to take could not be exercised from time to time, or that it was exhausted as to this particular land by an ineffectual attempt to exercise it. See *Sudbury Meadows* v. *Middlesex Canal*, 23 Pick. 36, 52 ; *Stamps* v. *Birmingham & Stour Railway*, 2 Phillips, 673.

It follows that no injunction can be granted. But whether or not the plaintiff would have obtained an injunction on the merits of his case as it stood at the time when the bill was filed, he must be taken to have had a case within the equitable jurisdiction of the court, in the absence of a demurrer, and for damages as an incident of the cause, until after the original pleadings were complete. *Creely* v. *Bay State Brick Co.* 103 Mass. 514. *Winslow* v. *Nayson*, 113 Mass. 411. The bill therefor may be retained for the assessment of damages, if any, in respect of the entry before the lawful taking, if it be desired. See further *Milkman* v. *Ordway*, 106 Mass. 232.

*Ordered accordingly.*

*G. O. Shattuck & J. Woodbury*, for the plaintiff.
*J. P. Farley & J. F. Wheeler*, for the defendant.