## ENO *v.* METROPOLITAN EL. RY. CO. *et al.*

*(Superior Court of New York City, General Term.   January 7, 1889.)*

1. INJUNCTION—CONDITIONAL ALLOWANCE.

   In an action to enjoin the operation of defendants' railroad in front of plaintiff's premises, where the evidence shows that plaintiff is entitled to an absolute and unconditional injunction, defendants cannot complain of a judgment enjoining them, unless they tender to plaintiff the sum of $10,000; the court having specifically found that this was a proper sum to be paid by defendants, if they wished to be freed from the obligation of discontinuing the illegal operation of their road.

2. SAME—VACATING.

   The injunction will not be vacated to enable defendants to acquire plaintiff's property in a legal manner, they having had ample opportunity to do so before the issuance of the injunction.

Appeal from special term.

Action by Amos R. Eno against the Metropolitan Elevated Railway Company and the Manhattan Elevated Railroad Company. Defendants appeal from an order granting an injunction. For appeal from award in condemnation proceedings, see 1 N. Y. Supp. 521.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Davies & Rapallo,* (*Charles A. Gardiner* and *Brainard Tolles,* of counsel,) for appellants.  *John E. Parsons,* (*Mr. Man,* of counsel,) for respondent.

SEDGWICK, C. J.   This was an equity action, in which the plaintiff asked for a permanent injunction restraining the defendants from operating or maintaining their elevated railroad in front of plaintiff's premises.   The defendants object to the judgment that it absolutely enjoins the operation of the defendants' railway, unless the defendants tender to the plaintiff the sum of $10,000.   The testimony shows that the plaintiff was entitled to an absolute and unconditional judgment of injunction, and the condition by which the defendants might be relieved from such an injunction was a grace or privilege to the defendants, of which they cannot complain.   *Bank* v. *Railway Co.,* 53 N. Y. Super. Ct. 511.   This decision was affirmed by the court of appeals.   I am of opinion that it was not injurious to the defendants that the court should hear testimony as to what was the proper sum to be named in the condition that has been alluded to, and to specifically find what sum the defendants should pay if they wished to be freed from their obligation to abate the wrong that consisted in their illegal maintenance and operation of their road.   The court did not adjudge that the defendants should pay the sum.   If all these matters were stricken from the case, there would remain an unassailable judgment that the defendants should stop persisting in their wrong to the plaintiff.

To the general position that the defendants desire now to acquire the plaintiff's property in a legal manner, the plaintiff is right in replying that there had been full opportunity for that before the judgment was rendered.   The judgment should be affirmed, with costs.   All concur.