EDWARD LYNCH *vs.* UNION INSTITUTION FOR SAVINGS & another.

Suffolk.    January 27, 1893. — March 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Eviction of Sublessee — Damages — Injunction.*

On a bill in equity to restrain a threatened eviction of the plaintiff by the owner of the fee, it appeared that the plaintiff was a sublessee under a lease assented to by the defendant's predecessor in title and binding on the defendant; that it would not expire for over three years from the filing of the bill; and that the plaintiff had been injured and was threatened with complete eviction when the bill was filed. *Held,* that the plaintiff should not be confined to recovering damages on the ground that the injury of an injunction to the owner would be incommensurate with the benefit to the plaintiff, and that an injunction should issue.

HOLMES, J. This is a bill in equity, April 16, 1892, to restrain a threatened eviction of the plaintiff by the owner of the fee. The plaintiff is a sublessee, who is found to be in under a lease which was assented to by the predecessor in title of the defendant Institution for Savings, and which is binding on that Institution. It does not expire until the end of November, 1895. The mesne lease has been surrendered. We are to take it that

the plaintiff had been injured, and that he was threatened with complete eviction when the bill was filed. The only question intended to be presented by the report is whether the injunction should be denied, and the plaintiff confined to recovering his damages, on the ground that the injury of the injunction to the owner would be incommensurate with the benefit to the plaintiff.

The result of denying the injunction is to " allow the wrongdoer to compel innocent persons to sell their right at a valuation." *Tucker* v. *Howard*, 128 Mass. 361, 363. The decision in *Brande* v. *Grace*, 154 Mass. 210, is not an authority for that. There the defendant corporation built a structure on its own land after a decision by the Superior Court that it had a right to do so. When the plaintiffs' lease had but eight months more to run, this court decided that the structure was unauthorized, because it interfered with an implication in the lease that the rooms should continue to open on Tremont Street; but an injunction was refused in view of the early termination of the lease. In the present case the plaintiff's lease has a year and nine months to run. The defendant Institution for Savings is not interfering with a doubtful easement under a mistaken view of its rights. Now, at all events, if not from the beginning, it simply is dispossessing or trying to dispossess a man of his land by wilful wrong, and its argument that it should not be restrained in proceeding must be that it can make more money out of the plaintiff's property than the plaintiff can, if it is allowed to take it. See *Goodson* v. *Richardson*, L. R. 9 Ch. 221, 224.

If we are to infer, although it does not appear with definiteness, that the defendant Institution has been at some expense already on the plaintiff's premises, we see no reason to doubt that it has acted with knowledge of the plaintiff's rights. What it has done outside of the plaintiff's premises, and not interfering with him, is no concern of his. The defendant Institution's outlay does not better its case on the question of a prohibitory injunction, and we see no reason why it should not be required to restore the premises to their original condition. See *Tucker* v *Howard*, 128 Mass. 361.

*Injunction to issue.*

*S. L. Whipple*, for the plaintiff.
*M. Morton*, for the Union Institution for Savings.