DENNIS J. HARRINGTON *vs.* CALLAHAN McCARTHY.

Worcester.   October 6, 1897. — November 23, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Equity — Injunction — Boundary — Decree for Removal of Parts of Building — Damages — Laches — Remedy at Law.*

If B. constructs a wooden building with a cornice, which at the front corner of the building projects over A.'s land a distance of eighteen inches, some of the window sills also slightly projecting, and B. is under no mistake in regard to the boundary line, except as to whether the line at one end runs to the centre or to one side of a monument about four inches wide, and if when B. is putting in the foundation stones, A. calls his attention to his duty by telling him that he thinks

the wall is over the line, A., having brought a bill in equity and given notice'of its filing to B. before the house is completed, is entitled to an injunction against the maintenance of any part of the building over his land; and it is immaterial that A.'s land is used as a driveway, and that he has not suffered any actual damage in the use of his property; and the case shows no such laches as to deprive him of his remedy.

Where it was held that A. was entitled to an injunction against the maintenance of any part of B.'s wooden building over A.'s land, the court said, in view of the fact that the encroachment of B.'s foundation wall upon A.'s land was unintentional and very slight, that B. when he discovered it after the building was nearly completed, "offered to pay A. any sum he might claim," and A. refused to accept anything but removal, and in view of the further fact that the judge found that no appreciable damage resulted to A., while the removal of the projecting portions of the foundation stones might be difficult and expensive, that equity did not require it to order an injunction on this part of the case, and that A. was left to his remedy at law.

BILL IN EQUITY, filed August 29, 1896, praying that the respondent be enjoined from constructing and maintaining any part of a building over the plaintiff's land. In the Superior Court the bill was dismissed; and the plaintiff appealed to this court. The facts appear in the opinion.

*G. S. Taft,* for the plaintiff.

*J. R. Thayer,* (*A. P. Rugg* with him,) for the defendant.

KNOWLTON, J. This is a bill in equity to obtain a mandatory injunction against the maintenance by the defendant of a building over and upon the land of the plaintiff. The general principles applicable to cases of this kind have often been stated. The proposition relied on by the plaintiff appears in *Lynch* v. *Union Institution for Savings,* 159 Mass. 306, 308, in these words: " In general, where a defendant has gone on without right and without excuse in an attempt to appropriate the plaintiff's property, or to interfere with his rights, and has changed the condition of his real estate, he is compelled to undo, so far as possible, what he has wrongfully done affecting the plaintiff, and to pay the damages."

The defendant has constructed a wooden building with a cornice, which, at the front corner of the building, projects over the plaintiff's land a distance of eighteen inches. Some of the window sills project slightly over the plaintiff's land. He was under no mistake in regard to the boundary line, except as to the question whether the line at one end ran to the centre or to one side of a monument about four inches wide. When he

was putting in the foundation stones the plaintiff called his attention to his duty by telling him that he thought the wall was over the line. The bill was brought and notice of its filing was given to him before the house was completed. In our opinion the case falls within a large number of decisions granting relief by injunction to plaintiffs whose rights have been encroached upon by erections placed upon their land without right. *Tucker* v. *Howard,* 128 Mass. 361. *Creely* v. *Bay State Brick Co.* 103 Mass. 514. *Cadigan* v. *Brown,* 120 Mass. 493. *Hodgkins* v. *Farrington,* 150 Mass. 19. *Lynch* v. *Union Institution for Savings,* 158 Mass. 394, and 159 Mass. 306. The case does not fall within any of the exceptions stated in the case last cited. See also *Brande* v. *Grace,* 154 Mass. 210 ; *Starkie* v. *Richmond,* 155 Mass. 188; *Methodist Episcopal Society* v. *Akers,* 167 Mass. 560.

The fact that the plaintiff's land is now used as a driveway does not affect his rights. He may at any time desire to erect a building upon it. Nor is it material that he has not yet suffered any actual damage in the use of his property. *Melrose* v. *Cutter,* 159 Mass. 461, 469. *Peck* v. *Conway,* 119 Mass. 546, 550. The maintenance of the defendant's building over his land would, by the lapse of time, ripen into an easement which might materially affect the value of his property if nothing were done to prevent it.

The case shows no such laches as to deprive the plaintiff of his remedy. *Linzee* v. *Mixer,* 101 Mass. 512, 528. *Attorney General* v. *Algonquin Club,* 153 Mass. 447, 453. He called the defendant's attention to his rights before the foundation wall had been completed, and the defendant could hardly have failed to know that his cornice would extend over the plaintiff's land. The building is constructed of wood, and the projecting portions can easily be removed without substantial injury to the rest of the structure. We are of opinion that the plaintiff is entitled to an injunction against the maintenance of any part of the wooden building over his land.

The case shows that, while the foundation wall is in the main upon the defendant's land, an occasional stone projects a short distance into the plaintiff's land below the surface of the ground. It appears that the defendant told the contractor who was building the wall of the plaintiff's statements in regard to it, and

directed him to be sure not to go over the line as run by the surveyor, and believed he did not go over it. In view of the fact that the encroachment in this particular was unintentional and very slight, that the defendant, when he discovered it after the building was nearly completed, " offered to pay the plaintiff any sum he might claim," and the plaintiff refused to accept anything but removal; and in view of the further fact that the judge found that no appreciable damage resulted to the plaintiff, while it seems that the removal of the projecting portions of these stones might be difficult and expensive, we are of opinion that equity does not require us to order an injunction on this part of the case. As to this, the plaintiff is left to his remedy at law. *Lynch* v. *Union Institution for Savings*, 159 Mass. 306. *Methodist Episcopal Society* v. *Akers*, 167 Mass. 560.

*So ordered.*