[No. 6483. Decided January 10, 1907.]

JOHN B. HART et al., Respondents, v. THE CITY OF SEATTLE et al., Appellants.[1]

MUNICIPAL CORPORATIONS — STREETS — RESTORATION OF GRADE — EQUITY—RELIEF. Equity has jurisdiction in an action to enjoin a change of street grade to compel, in a proper case, affirmative action by the city in restoring the street to its former condition.

MUNICIPAL CORPORATIONS—STREETS—INJUNCTION AGAINST CHANGE OF GRADE—DAMAGES—ALTERNATIVE RELIEF. In an action by an abutting owner to enjoin a change of grade, where the court finds that the plaintiff is entitled to a mandatory injunction requiring the city to restore the street to its former condition, it is not error of which the city can complain to provide in the decree that the city may be relieved from restoring the street upon payment of a certain sum which the evidence shows to be the plaintiff's damages by reason of the change of grade.

SAME—CLAIMS—NECESSITY OF PRESENTING. An ordinance of a city requiring claims for damages to be presented to the city council has no application to damages by reason of the change of a street grade, awarded by the court as a privilege accorded to the city, whereby it may be relieved from the effect of a mandatory injunction.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 3, 1906, upon findings in favor of the plaintiffs after a trial on the merits, enjoining the defendants from further changing the grade of a street. Affirmed.

[1]Reported in 88 Pac. 205.

*Scott Calhoun, O. B. Thorgrimson,* and *Elmer E. Todd*
(*F. R. Conway,* of counsel), for appellants.
*William Parmerlee,* for respondents.

Root, J.—This cause was before this court once before,
and the decision therein may be found in 42 Wash., page 113,
84 Pac. 640, to which reference is made for a more complete
statement of the facts. After the case was remanded to
the superior court, a trial there resulted in judgment and
decree enjoining defendants from further lowering the grade
in front of respondents' property, and commanding defend-
ants to, within ninety days, replace all the excavating work,
macadam, and paving theretofore done or placed on the street
in front of said property, and to leave the same as it existed
before its removal and at the grade theretofore existing. The
decree contained a provision that the defendants, if they de-
sired to maintain that portion of the street in front of said
lots used for carriage vehicle passage at the grade to which
it had been excavated by them, might so do upon payment
to respondents of the amount of damages sustained by them,
to wit, the sum of $1,500. From this judgment and decree
the city and defendant officials appeal.

They make the following contentions:

"(1) The plaintiffs are not entitled to an injunction
against lowering the street or the sidewalk, because the evi-
dence does not show that either the street or the sidewalk
was about to be lowered. (2) Under the pleadings and the
proof, they are not entitled to a mandatory injunction for the
replacing of the street in the condition in which it was before
the cut was begun. (3) They are not entitled to judgment
for damages, because (a) no damage was shown, (b) this is
a suit in equity in which no recovery for damages can be had,
and (c) no claim for damages was shown to have been pre-
sented to the city council. (4) They were not entitled to an
injunction against paving the street at its present level."

As to the first of these contentions, we think there was
evidence sufficient to justify the court in believing that the

street and sidewalk were about to be lowered. As to the second contention, we think the pleadings and proof show an injury to respondents' property of a character that justified the court in requiring the street to be again placed as it was before the excavation complained of was made. In 16 Am. &. Eng. Ency. Law (2d ed.), 342, the following appears:

"It is settled beyond question that equity has jurisdiction in a proper case to compel affirmative performance of an act as well as to restrain it. . . . The earlier decisions while reluctant to compel performance of an affirmative act, have accomplished this result by indirection; in other words, an order was granted restraining the person against whom the injunction was asked from allowing the thing to continue, which had the effect of compelling him to take some active measure. The fact that the work complained of has been completed before the filing of the bill will not affect the petitioner's right to a mandatory injunction if he has been guilty of no acquiescence or delay."

To the same effect is High on Injunctions (4th ed.), §§ 816 and 1271. Upon the proposition that the issuance of a mandatory injunction is an appropriate attribute of equitable jurisprudence, see *Seattle Electric Co. v. Snoqualmie Falls Power Co.*, 40 Wash. 380, 82 Pac. 713.

As to the third contention, we do not think it can be up· held. This was not an action at law for damages, but one for equitable relief. The court found that the respondents were entitled to have the former condition of the street restored, but gave the defendants the privilege of leaving it in the condition to which it had been changed by them, providing they would pay to respondents the amount of damages which their said action had occasioned them. We think the evidence showed damages in the amount found by the trial court, and we do not think that the ordinance of the city requiring claims for damages to be presented to the city council has any application to a case of this character, and do not think that the trial court exceeded its powers as.

a court of equity in making the payment of the damages a prerequisite to the leaving of the street in the condition it had been placed in by defendants.   In the case of *Eno v. Metropolitan Elevated R. Co.*, 8 N. Y. Supp. 197, the court gave the defendant the option of paying damages or being permanently enjoined.   In affirming that judgment the appellate court, among other things, said:

"The testimony shows that the plaintiff was entitled to an absolute and unconditional judgment of injunction, and the condition by which the defendants might be relieved from such an injunction was a grace or privilege accorded the defendants, of which they cannot complain."

As bearing upon this and other propositions herein involved, see, also, State Constitution, art. 1, § 16; *State ex rel. Smith v. Superior Court*, 26 Wash. 278, 66 Pac. 385; *Lawrence v. Halverson*, 41 Wash. 534, 83 Pac. 889; *Peterson v. Smith*, 6 Wash. 163, 32 Pac. 1050; *Swope v. Seattle*, 36 Wash. 113, 78 Pac. 607; *New York v. Pine*, 185 U. S. 93, 22 Sup. Ct. 592, 46 L. Ed. 820; *Ex Parte Lennon*, 166 U. S. 548, 17 Sup. Ct. 658, 41 L. Ed. 1110; *Pappenheim v. Metropolitan Elevated Railroad Company*, 128 N. Y. 436, 28 N. E. 518, 26 Am. St. 486, 13 L. R. A. 401; *Lynch v. Union Inst. for Savings*, 158 Mass. 394, 33 N. E. 603; *Baron v. Korn*, 127 N. Y. 224, 27 N. E. 804; *Boyd v. Woolwine*, 40 W. Va. 282, 21 S. E. 1020; *Champion v. Sessions*, 1 Nev. 478; *City of Eau Claire v. Matzke*, 86 Wis. 291, 56 N. W. 874, 39 Am. St. 900; *Woodbury v. Marblehead Water Co.*, 145 Mass. 509, 15 N. E. 282; *McRae v. Blakeley*, 3 Cal. App. 171, 84 Pac. 679.

As to the fourth contention, what we have said as to the others, together with the former decision, must be conclusive, likewise, of this proposition.

The judgment of the trial court is affirmed.

Mount, C. J., Hadley, Fullerton, Dunbar, and Crow, JJ., concur.