PETER C. BROOKS *vs.* LOUIS ROSENBAUM & others.

Suffolk.     December 4, 1913. — February 28, 1914.

Present: RUGG, C. J., HAMMOND, BRALEY, & DE COURCY, JJ.

*Equity Jurisdiction,* To enjoin continuing trespass.     *Equity Pleading and Practice,* Decree.

In a suit in equity by a landowner against the owner of the adjoining land and the lessee of such owner, to enjoin the defendants from committing continuing trespasses on the plaintiff's land by maintaining foundation stones projecting therein placed there by the defendant lessee in constructing a basement, where the bill contains prayers for damages and for further relief, and where by an alternative order the defendant lessee is directed either to restore the plaintiff's land to its original condition or to pay to the plaintiff a certain sum of money assessed as damages, and does neither, the plaintiff, upon the framing of a final decree ordering the lessee to pay the damages, is not entitled to a further order against the defendant landowner directing him to execute an instrument releasing to the plaintiff any interest in the plaintiff's land and disclaiming any right to an easement therein; because the defendant landowner by the wrongful acts of his lessee, which were beyond his control, could acquire no interest in the plaintiff's land that could ripen into an easement.

BILL IN EQUITY, filed, as amended, in the Superior Court on February 19, 1910, by the owner of a parcel of land and the building thereon numbered 12 on Tremont Row in Boston, against Louis Rosenbaum and Henry Rosenbaum, copartners doing business in Boston, lessees of the adjoining land, Sebastian S. Kresge, a sublessee in occupation of such adjoining land, the Peter Bent Brigham Hospital Corporation, the owner and lessor of such adjoining land, and the F. D. Davis Company, a corporation engaged in business as a general contractor; praying for an injunction to restrain the defendants from further entering and trespassing upon the plaintiff's land, for an order compelling them to restore the plaintiff's land to its original condition, for damages, and for further relief.

The case was heard by *Hardy,* J., who found, as stated in a memorandum of decision, that the defendant Kresge, through the defendant F. D. Davis Company as contractor, had caused changes to be made in the basement of the building belonging to the defendant hospital corporation and "that the result of the work

contracted to be done by the said Davis Company is in deroga-
tion of the rights of the plaintiff, whereby the land of the plaintiff
will be permanently injured in his control thereof in the future."
He found that the plaintiff was entitled as against the defendant
Kresge to a decree ordering him to restore the plaintiff's land to
its original condition, and that, upon his failure to comply with
such order, damages should be assessed against the defendant
Kresge in the sum of $500. The judge ordered that the bill be
dismissed as against the defendants Rosenbaum, the defendant
hospital corporation, and the defendant F. D. Davis Company,
and that the defendant hospital corporation should be awarded
costs.

About one year later a final decree was entered by order of
*Hardy*, J., reciting that the defendant Kresge had failed within a
reasonable time to restore the plaintiff's land to its original con-
dition, and ordering him to pay to the plaintiff $500 as damages.
The decree further ordered that the defendant hospital corporation,
the defendants Rosenbaum and the defendant Kresge should exe-
cute and deliver to the plaintiff "a written instrument releasing
and quit-claiming to said plaintiff any right, title or interest in
the plaintiff's land which said defendants, or any of them, may
have by reason of the existence or continuance in existence of
the foundation wall or any other work or works placed on said
plaintiff's land by said defendants or by any of them, together
with any right, title or interest which said defendants, or any
of them, may or might have in said foundation wall or work
or works; and expressly waiving and disclaiming any and all
rights of or to any easement in or upon the land of said
plaintiff which the said defendants, or any of them, may now
have or might in future acquire by reason of the existence of
said foundation wall or work or works." The decree further
ordered that the plaintiff's bill should stand dismissed as against
the defendant F. D. Davis Company.

The defendant Peter Bent Brigham Hospital Corporation ap-
pealed from the decree, the evidence being reported by a commis-
sioner appointed under Equity Rule 35.

*W. C. Cogswell*, for the Peter Bent Brigham Hospital Corpora-
tion.

*L. A. Ford*, (*O. T. Russell* with him,) for the plaintiff.

BRALEY, J. The plaintiff and the appellant, the defendant corporation hereinafter referred to as the defendant, are owners in fee of contiguous estates, the division line of which has been established by the joint deed of their respective predecessors in title. By this instrument no provision is made that either estate could be subjected equally to a partition wall erected for their joint benefit, and the disturbance of the soil in placing part of the underpinning stones in the plaintiff's land to support the wall of the building erected on the defendant's land was unlawful. The trespass so long as the stones remained, even if no portion of the superstructure projected, having been continuous, the plaintiff, instead of proceeding at law for damages as they accrued, can resort to equity where injunctive relief can be given and accrued damages assessed. *Tucker* v. *Howard,* 128 Mass. 361. *O'Brien* v. *Murphy,* 189 Mass. 353, 357. *Downey* v. *H. P. Hood & Sons,* 203 Mass. 4. *Curtis Manuf. Co.* v. *Spencer Wire Co.* 203 Mass. 448. *Szathmary* v. *Boston & Albany Railroad,* 214 Mass. 42.

The bill alleges, and the presiding judge has found, that the defendant had leased the premises to the defendants Louis Rosenbaum and Henry Rosenbaum for a term of years, which has not expired, and the work was done for his own advantage by the defendant Kresge, a sublessee. If the sublessee had the right under the terms of the leases to make alterations, including a partial reconstruction of the wall, the permission is limited of course to the estate demised. The plaintiff even does not contend that the original lease constituted the lessees the defendant's agents with authority to appoint subordinate agents to encroach upon his land. It is not alleged, nor is it found that the defendant's officers with knowledge of what was going on, or proposed to be done, participated in, or assented to, the misappropriation, or intend to assert upon the expiration of the lease any right to have the footing stones remain for the benefit of the corporation. The defendant, while the lease is outstanding, cannot under the circumstances without committing a trespass enter upon the demised estate for the purpose of removing the stones, the displacement of which evidently would subject the tenant to serious annoyance and inconvenience in the enjoyment of the leasehold. *Nelson Theatre Co.* v. *Nelson,* 216 Mass. 30. It is

plain that the subtenant who was in full occupation and control and acted for himself alone, is responsible, especially as he proceeded after notice that he was violating the plaintiff's rights.

If the specific prayers are read, the plaintiff asks that the several lessees, and not the defendant, be ordered to restore his land to its former condition, and the judge before whom the merits were tried decreed relief only against the actual transgressor. A general prayer is added, but this does not enlarge the case stated by the bill. *Fordyce* v. *Dillaway*, 212 Mass. 404, 411. The plaintiff on the findings, which neither party questions, and which as has been said exonerated the corporation, was entitled to a mandatory injunction directing Kresge to remove the stones, and to restore the premises within a time to be stated in the decree with payment of compensatory damages already suffered. *Lynch* v. *Union Institution for Savings,* 158 Mass. 394. *Downey* v. *H. P. Hood & Sons*, 203 Mass. 4.

The wording of the memorandum of decision indicates that the judge was of opinion that an injunction in this form should not issue, for he assessed damages which are to be paid if Kresge, who apparently is given the option, did not effect the restoration within a reasonable time. The plaintiff has not appealed, and if the final decreee, which in this particular only follows the decision, had not gone further, the defendant would not have been aggrieved. The decree however instead of dismissing the bill with costs as the memorandum ordered, required the corporation to execute and deliver a written instrument releasing and quitclaiming any right, title or interest in the plaintiff's land, and waiving or disclaiming any right to an easement therein. The plaintiff relies upon the familiar doctrine, that a court of equity, having once acquired, will retain jurisdiction and give full relief. But, even if the findings were disregarded, it cannot be presumed in the absence of evidence, or of circumstances from which the inference properly can be drawn, that the defendant will endeavor to avail itself of an advantage founded on an unjustifiable tort. A belief however honest that it might do so, with nothing more, is insufficient ground for affirmative relief. The decree as to the lessees and sublessee could not, and moreover did not, subject the plaintiff's land to a servitude, which might ripen into an easement appurtenant to the reversion. The defendant as lessor

cannot derive any title under the lease, nor can it enforce any interest acquired by the several lessees under a wrongful appropriation for the use of the leasehold itself. The benefit, if any, is coexistent only with the term. *Stewart* v. *Putnam,* 127 Mass. 403, 407. *Stark* v. *Mansfield,* 178 Mass. 76. *Emery* v. *Boston Terminal Co.* 178 Mass. 172, 185. It did not have by ownership, nor can it acquire by anticipated repossession, any title or dominant interest in the plaintiff's land, and the decree must be modified by dismissing the bill with costs but without predjudice as to the appellant, and when so modified it is affirmed.

*Ordered accordingly.*