Putnam, G. J.
By writ dated October 17, 1939, the plaintiff brought this action as an action of contract. By *37 amendment it is now an action of tort in which she seeks to recover for the “use, benefit and profits” of certain real estate. The case was submitted to the trial judge, and comes to this division by report, on an agreed statement of facts.
From those facts it appears that the plaintiff, by a written lease which is not before us, leased certain premises to the defendant by metes and bounds to be used, apparently, as a gasoline filing station for five years from February 12, 1934. This lease was followed by a new lease for five years more, executed on February 23, 1939. On this property was a structure called a grease station. On November 12, 1935, the defendant sub-let the premises to one Veduccio who, “without permission, consent or right”, broke through the rear wall of the grease station and extended the grease station about six feet into a barn owned by the plaintiff and not a part of the leased premises. The plaintiff now seeks to recover from the defendant the sum of thirty dollars per month from November 12,1935, to the date of the writ. The trial judge found for the defendant.
We are of opinion that in so finding he was right. The defendant, having parted with the entire control of the leased premises, is not responsible for the conduct of Veduccio, the sub-lessee. Stewart v. Putnam, 127 Mass. 403; Brooks v. Rosenbaum, 217 Mass. 172.
As we have said, the lease is not before us. The plaintiff, however, states in her brief that the lease contains a covenant by the defendant that the structural condition of the premises will be maintained in good repair. Assuming this to be a fact the necessary outcome of the case is not affected thereby. This action is not based on a breach of that covenant.
Report Dismissed.